IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LARRY PEREA,

       Petitioner,

vs.                                         No. CIV 16-0893 JB/GJF

TIMOTHY HATCH,

       Respondent.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court, under rule 4 of the Rules Governing Section 2254 Proceedings and rule 12(b)(6) of the Federal Rules of Civil Procedure, on the Petitioner's Petition for Writ of Habeas Corpus, filed August 5, 2016 (Doc. 1)("Petition").  The Court concludes that 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations bars Petitioner Larry Perea's claims under 28 U.S.C. § 2254.  Accordingly, the Court will dismiss the Petition.

## FACTUAL AND PROCEDURAL BACKGROUND

The Court has reviewed the official record in Perea's state court proceedings through the Supreme Court of New Mexico's Secured Online Public Access service.  Pursuant to rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the official New Mexico court records in Perea's two state criminal cases, Nos. D-202-CR-200800239 and D-202-CR-2008-06058, Second Judicial District, County of Bernalillo, State of New Mexico.  See United States v. Ahidley, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007)(stating that courts have "discretion to take judicial notice of publicly-filed records . . . and certain other courts concerning matters that bear directly upon the disposition of the case at hand"); Shoulders v. Dinwiddie, 2006 WL 2792671, at *3 (W.D. Okla. 2006)(Cauthron, J.)(noting that courts may take judicial notice of state court

records available on the internet, including district court docket sheets); <u>Stack v. McCotter</u>, 2003 WL 22422416 (10th Cir. 2003)(unpublished)(finding that a state district court's docket sheet was an official court record subject to judicial notice under rule 201). Perea's Petition, the attachments to the Petition, and the official New Mexico court records show the following.

A Grand Jury indicted Perea for Trafficking a Controlled Substance on January 16, 2008, in Second Judicial District case No. D-202-CR-200800239. Perea entered a no-contest plea on February 4, 2009, and was sentenced to nine years of imprisonment on May 11, 2009. <u>See State v. Perea</u>, No. D-202-CR-200800239, Judgment, Sentence & Commitment, filed May 11, 2009. Perea did not appeal from the judgment in that case and has never sought collateral review of his conviction or sentence.

In a separate state criminal proceeding, Second Judicial District Court case No. D-202-CR-200806058, a jury convicted Perea of voluntary manslaughter and Possession of a Controlled Substance. The judgment on his conviction in that case was entered on February 7, 2011. <u>See State v. Perea</u>, No. D-202-CR-200806058, Judgment, Sentence and Commitment, filed February 7, 2011. Perea filed a direct appeal from the judgment, and, on June 15, 2011, the Court of Appeals of New Mexico affirmed his conviction. Perea did not petition the Supreme Court of New Mexico to review the Court of Appeals of New Mexico's decision. On September 8, 2011, a supplemental information was filed charging Perea as a habitual offender and seeking a firearm enhancement to the sentence on his manslaughter and possession convictions. <u>See State v. Perea</u>, No. D-202-CR-200806058, Supplemental Information, filed September 8, 2011. Perea was convicted as a habitual offender, and an amended judgment was entered on December 6, 2012, sentencing him to a total of sixteen years and six months imprisonment. <u>See State v.</u>

Perea, No. D-202-CR-200806058, Amended Judgment, Sentence and Commitment, filed December 6, 2012. Perea did not appeal the amended judgment.

Instead, on January 28, 2013, Perea filed a motion to amend the judgment, asking that the sentence be amended to credit him for time served before sentencing on the habitual offender charges. See State v. Perea, No. D-202-CR-200806058, Motion to Amend Judgment and Sentence, filed January 28, 2013. The district court denied his motion on April 2, 2013. See State v. Perea, No. D-202-CR-200806058, Order, Application, Petition or Motion Denied, filed April 2, 2013. On July 29, 2014, Perea filed a motion to proceed in forma pauperis and to obtain copies of his trial transcripts. See State v. Perea, No. D-202-CR-200806058, Petition for Trascripts [sic] of Trial and Other Documents Forthwith, filed July 29, 2014. Then, on September 29, 2014, Perea filed a petition for writ of mandamus to compel the provision of transcripts. See State v. Perea, No. D-202-CR-200806058, Petition for Writ of Mandamus, filed September 29, 2014. The district court dismissed his petition on October 24, 2014. See State v. Perea, No. D-202-CR-200806058, CLS: Close Miscellaneous, filed October 24, 2014. Two years later, on October 27, 2016, Perea filed a petition for a writ of habeas corpus in state court. See State v. Perea, No. D-202-CR-200806058, Petition for Writ of Habeas Corpus, filed October 27, 2016. The district court denied that petition on January 12, 2017. See State v. Perea, No. D-202-CR-200806058, Procedural Order on Petition for Writ of Habeas Corpus, filed January 12, 2017. Perea did not appeal any of the state district court's rulings other than the direct appeal from the February 7, 2011, judgment.

Perea filed his Petition in federal district court on August 5, 2016, before filing his habeas corpus petition in state court. Perea states the factual basis for his Petition as follows: "Due to the 1 yr firearm enhancement added to the basic sentence of voluntary manslaughter I shouldn't

received [sic] a 4 yr habitual for Count 1 or Count 2 unless the firearm enhancement was never initiated."  Petition ¶ 3, at 2.  Perea requests that: "[T]he 4 yr Habitual from Count #1 voluntary manslaughter (1 yr. firearm enhancement + 4 yr HB) be recanted & dismissed from my 16 ½ yr sentence to leave a total of 12 ½ yrs."  Petition ¶ 7, at 2.

Perea has also filed a Request for Appointment of Counsel, filed November 28, 2016 (Doc. 5)("Motion for Counsel").  He appears to request appointment of counsel to represent him in a civil tort proceeding in state court.  See Motion for Counsel at 1-2.  The Court does not have any authority to appoint counsel in a state court proceeding.  Even if Perea's request was directed to this case, however, the Court denies the request as moot in light of the Petition's dismissal.

## LAW REGARDING THE ONE-YEAR STATUTE OF LIMITATIONS ON § 2254 CLAIMS

Perea used a state-court form for his habeas corpus petition, rather than a federal habeas petition form.  The relief that he requests, however, is modification of his state court sentence. See Petition at 2.  Where a petition challenges the legality of present confinement pursuant to a state court conviction, the court liberally construes the action as seeking a writ of habeas corpus under 28 U.S.C. § 2254.  See Preiser v. Rodriguez, 411 U.S. 475 (1973).  As a consequence, the Court construes Perea's Petition as a petition for relief from a conviction or sentence by a person in state custody under 28 U.S.C. § 2254.

Petitions for a writ of habeas corpus by a person in state custody under 28 U.S.C. § 2254 are governed by a one-year statute of limitations.  See 28 U.S.C. § 2244(d).  Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) further provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

The one-year statute of limitations for filing a § 2254 petition runs from the time the conviction becomes final and is subject to statutory tolling. See 28 U.S.C. § 2244(d). This one-year statute of limitations is tolled while "a properly filed application for State post-conviction" relief is "pending." 28 U.S.C. § 2244(d)(2). Until a state habeas petition "has achieved final resolution through the State's post-conviction procedures, by definition it remains 'pending.'" Carey v. Saffold, 536 U.S. 214, 219-20 (2002). See also Holland v. Florida, 560 U.S. 631, 635, 638 (2010). To determine when a petitioner's state habeas proceedings become complete, the Court looks to the state's procedural rules. See Wade v. Battle, 379 F.3d 1254, 1260-62 (11th Cir. 2004). The one-year statute-of-limitations clock begins to run again when the proceedings on the state habeas-corpus petition are finally concluded. See Holland v. Florida, 560 U.S. at 638 (noting that state habeas corpus proceedings concluded and the statute of limitations clock

began to tick when the state Supreme Court issued its mandate).   A § 2254 petition filed after the one-year period has expired is time-barred.  <u>See</u> 28 U.S.C. § 2244(d).  Dismissal of a § 2254 habeas corpus petition on the grounds that it is time-barred properly proceeds under rule 12(b)(6) of the Federal Rules of Civil Procedure.  <u>See</u> <u>Aguilera v. Kirkpatrick</u>, 241 F.3d 1286, 1290 (10th Cir. 2001).

The one-year statute of limitations may be subject to equitable tolling.  Equitable tolling is available only when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.  <u>See</u> <u>Marsh v. Soares</u>, 223 F.3d 1217, 1220 (10th Cir. 2000); <u>Burger v. Scott</u>, 317 F.3d 1133, 1141 (10th Cir. 2003).  Ignorance of the law, ignorance of the limitation period, and inability to obtain legal assistance do not excuse the failure to file within the statutory time period.  <u>See</u> <u>Miller v. Marr</u>, 141 F.3d 976, 977-78 (10th Cir. 1998); <u>Sanders v. Mahaffey</u>, 2000 WL 1730893, at *2 (10th Cir. 2000); <u>Washington v. United States</u>, 2000 WL 985885, at *2 (10th Cir. 2000).

## <u>ANALYSIS</u>

Because all of Perea's asserted claims were available to him from the time the amended judgment was entered on December 6, 2012, on his criminal conviction as an habitual offender, § 2244(d)(1)(A)'s one-year limitation period is the applicable period in this case.  Perea filed a post-judgment motion to amend, which the state district court denied on April 2, 2013.  <u>See</u> <u>State v. Perea</u>, No. D-202-CR-200806058, Order, Application, Petition or Motion Denied, filed April 2, 2013.  The one-year period governing Perea's § 2254 claims, then, began to run on May 2, 2013, after the time for taking an appeal from the December 6, 2012, amended judgment and denial of the motion to amend expired.  <u>See</u> <u>Harris v. Dinwiddie</u>, 642 F.3d 902, 906 n.6 (10th

Cir. 2011); Rule 12-201(A)(2) NMRA.  The one-year limitations period expired one year later on May 2, 2014.

A period of approximately fifteen months elapsed before Perea's next state court filing of a motion to compel transcripts of his criminal trials on July 29, 2014.  In general, a motion to compel transcripts is not treated as a tolling motion for purposes of the one-year limitations period.  See Carey v. Saffold, 536 U.S. at 219-20; Holland v. Florida, 560 U.S. at 635, 638.  Even if, however, the one-year period had not already expired and the motion was treated as a tolling motion, the statute of limitations would have resumed again after the Supreme Court of New Mexico denied Perea's petition relating to the transcript request on October 24, 2014.  See Holland v. Florida, 560 U.S. at 638.  Perea filed his Petition in the Court on August 5, 2016, more than a year and nine months after final disposition of his transcript motion.  Even using the later October 2014 date to commence the running of the statute of limitations, Perea's habeas corpus action was barred almost a year before it was filed.  See 28 U.S.C. § 2254(d).

Absent equitable tolling, § 2244(d)'s statute of limitations barred Perea's § 2254 claims well before his August 5, 2016, filing.  See Miller v. Marr, 141 F.3d at 977-78.  Perea contends that, because he "was never properly educated about appeals, habeas, ect [sic] until recently, Therefore [sic], I'm asking that the courts grant me relief & favor."  Petition ¶ 5, at 2.  Perea's lack of education about the habeas corpus process, however, does not afford him a basis for equitable tolling in this case.  See Miller v. Marr, 141 F.3d at 977-78.  Even if based on ignorance of the law, Perea's decision to wait almost two years after final denial of his motion to compel transcripts before filing his § 2254 Petition does not constitute an extraordinary circumstance beyond his control that would entitle him to equitable tolling of the one-year limitation period.  See Marsh v. Soares, 223 F.3d at 1220.

Perea filed his Petition long after the expiration of the one-year limitations period.  No basis exists for tolling the statute of limitations.  The § 2244(d) statute of limitations thus bars Perea's § 2254 claims.  Perea's Petition does not state a claim upon which relief can be granted, and the Court must dismiss it under § 2244(d) and rule 12(b)(6).  Further, because Perea has not made a substantial showing of denial of a constitutional right, the Court will deny a certificate of appealability pursuant to rule 11 of the Rules Governing Section 2254 Proceedings.

**IT IS ORDERED** that: (i) the Petitioner's Request for Appointment of Counsel, filed November 28, 2016 (Doc. 5), is denied; (ii) the Petitioner's Petition for Writ of Habeas Corpus, filed August 5, 2016 (Doc. 1), is dismissed; and (iii) a certificate of appealability is denied.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Larry Perea
Clayton, New Mexico

    *Plaintiff Pro Se*